UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ROSE GORDON,

      Plaintiff,

v.

MARK ADAMS and AMANDA ADAMS,

      Defendant.

3:08-CV-0200-LRH-RAM

ORDER

Before the court is defendants Mark and Amanda Adams' ("the Adams") motion in limine to exclude opinion testimony of Dr. Donald Huene ("Huene") filed on September 2, 2009. Doc. #37[1]. The Adams move to exclude Dr. Huene's opinion testimony that plaintiff Rose Gordon's ("Gordon") injuries were caused by a vehicle collision. Gordon filed an opposition to the motion in limine on October 1, 2009. Doc. #41. Thereafter, the Adams filed a reply on October 14, 2009. Doc. #42.

**I.    Facts and Procedural History**

On March 21, 2006, Gordon was involved in an auto accident with defendant Mark Adams. As a result of the collision Gordon allegedly suffered lateral and meniscus tears in her left knee requiring surgery. Dr. Huene was Gordon's orthopedic surgeon.

On March 18, 2008, Gordon filed suit against the Adams alleging negligence. Doc. #1,

---

[1] Refers to the court's docket entry number.

Exhibit 1. Gordon retained Dr. Huene as her expert witness. Thereafter, the Adams filed the present motion to exclude Dr. Huene's opinion testimony. Doc. #37.

## II.     Motion to Exclude

Defendants argue that Dr. Huene's non-medical opinions regarding causation are unreliable and should be excluded under Federal Rule of Evidence 401 and 702 and in accordance with the *Daubert* evidence trilogy: *Daubert v. Merrell-Dow Pharms., Inc.*, 509 U.S. 579 (1993); *General Electric Co. v. Joiner*, 522 U.S. 136 (1998); and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

### a. Relevancy (Rule 401)

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Here, the court finds that Dr. Huene's testimony that Gordon suffered injuries as a result of a twisting impact more likely than not caused by the vehicle collision helps establish causation which is a fact of consequence in an action for negligence. Accordingly, Dr. Huene's opinion is relevant to this matter.

### b. Expert Testimony (Rule 702)

Federal Rule of Evidence 702 permits testimony on "scientific, technical, or other specialized knowledge" by experts qualified by "knowledge, skill, experience, training, or education" if the testimony is both relevant and reliable. FED. R. EVID. 702. Expert testimony is reliable if it is "based upon sufficient facts or data," "the product of reliable principles and methods," and the expert "applies the principles and methods reliably to the facts of the case." *Id*.

The Adams are not disputing Dr. Huene's expertise; he is an orthopedic surgeon who treated Gordon and has sufficient knowledge, skill, experience and training to testify about Gordon's injuries. *See Daubert,* 509 U.S. 579. The Adams challenge only the reliability of Dr. Huene's testimony arguing that his testimony is not based on the particular facts of this case

2

1  and therefore his opinion is not "based upon sufficient facts or data" to be reliable under the federal
2  rules. *See Id.*; FED. R. EVID. 702.
3        Dr. Huene testified in his deposition that Gordon's injury, a torn meniscus, is a twisting
4  injury and that because Gordon was hit from the side, the impact would have theoretically caused
5  her knee to twist. Therefore, Dr. Huene opined that based upon his knowledge the collision more
6  likely than not caused her injuries. However, the Adams argue that Dr. Huene's opinion is not
7  reliable because: (1) he was not aware of the exact mechanism of trauma that affected Gordon;
8  (2) he did not have any direct knowledge of the accident; (3) he did not recreate or reconstruct the
9  accident; and (4) he could only infer Gordon's previous medical history because he was not her
10 general treating physician.
11       The court finds that Dr. Huene's opinion testimony is reliable and therefore admissible.
12 Dr. Huene is an orthopedic surgeon and his opinion is based on his medical knowledge of
13 orthopedic injuries and their likely causes as well as his observations and treatment of Gordon after
14 her accident. The Adams' concerns about Dr. Huene's opinion testimony go to the weight rather
15 than admissibility of his opinion.
16       IT IS THEREFORE ORDERED that defendants' motion in limine (Doc. #37) is DENIED.
17       IT IS SO ORDERED.
18       DATED this 4th day of December, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE