UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROSE GORDON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MARK ADAMS and AMANDA ADAMS,<br><br>　　　　　　Defendant. | 3:08-cv-00200-LRH-RAM<br><br>ORDER |

Before the court is defendants Mark and Amanda Adams' ("the Adams") motion in limine filed on February 9, 2010. Doc. #44[1]. Plaintiff Rose Gordon ("Gordon") filed an opposition to the motion in limine on February 22, 2010. Doc. #46. Thereafter, the Adams filed a reply on March 3, 2010. Doc. #47.

**I.    Facts and Procedural History**

On March 21, 2006, Gordon was involved in an auto accident with defendant Mark Adams. As a result of the collision Gordon allegedly suffered lateral and meniscus tears in her left knee requiring surgery. On March 18, 2008, Gordon filed suit against the Adams alleging negligence. Doc. #1, Exhibit 1. Thereafter, the Adams filed the present motion in limine. Doc. #44.

///

---

[1] Refers to the court's docket entry number.

**II.    Motion in Limine**

Defendants filed the present motion seeking an order effectively precluding Gordon from offering evidence in violation of the Federal Rules of Evidence. The requested relief includes an order precluding Gordon from offering evidence relating to the Adams' insurance in accordance with Fed. R. Evid. 411, referencing settlement negotiations in accordance with Fed. R. Evid. 408, and proffering statements allegedly made by Mark Adams after the accident in accordance with Fed. R. Evid. 801 and 802.

The court finds it unnecessary at this time to provide a general court order excluding evidence in violation of the Federal Rules of Evidence when Gordon has not indicated she seeks to admit any such testimony or evidence. Defendants' motion is more appropriately dealt with during the trial as testimony is elicited and objections raised. Although the court declines to enter an order at this time, the court's decision does not preclude the Adams from raising these issues during trial.

As to the Adams' request for an order that evidence of Gordon's worker compensation claim is admissible, the court agrees and will grant the motion in limine solely on this issue. Pursuant to NRS 616C.215(10), the court may take judicial notice that Gordon was paid $30,563.41 in workers compensation payments by Nevada Comp First. Further, pursuant to NRS 616C.215(10), the court is required to instruct the jury on any workers compensation lien against Gordon. Accordingly, evidence of Gordon's workers compensation claim and received benefits is admissible.

IT IS THEREFORE ORDERED that defendants' motion in limine (Doc. #44) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this 15th day of March, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE