UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ROSE GORDON,

        Plaintiff,

        v.

MARK ADAMS and AMANDA ADAMS,

        Defendant.

3:08-cv-00200-LRH-RAM

ORDER

Before the court is plaintiff Rose Gordon's ("Gordon") motion to re-tax costs filed on April 2, 2010. Doc. #71. Defendants Mark Adams ("Adams") filed a response (Doc. #76) to which Gordon replied (Doc. #79).

**I.     Facts and Procedural History**

On March 21, 2006, Gordon was involved in an auto accident with defendant Adams. As a result of the collision Gordon allegedly suffered injuries. On March 18, 2008, Gordon filed suit against the Adams alleging negligence. Doc. #1, Exhibit 1.

A jury trial was held on the matter from March 23, 2010, through March 25, 2010. *See* Doc. ##61, 62, 63. The jury ultimately found for defendant Adams (Doc. #64) and judgment was entered against Gordon on April 2, 2010 (Doc. #72). After judgment was entered in his favor, Adams submitted a bill of costs to the court, along with supporting memorandum, requesting $8,300.75. Doc. #70. Thereafter, Gordon filed the present motion to re-tax costs. Doc. #71.

**II.      Motion to Re-Tax Costs**

Adams requests $8,300.75 in taxable costs as the prevailing party in the underlying negligence action. Doc. #70. Gordon argues that Adams is requesting costs which are unauthorized by statute or the local rules.

Pursuant to the Federal Rules of Civil Procedure and the Local Rules, the prevailing party is entitled to reasonable costs associated with litigating the action. FED. R. CIV. P. 54(a); LR 54-1. The taxation of costs is governed by 28 U.S.C. § 1920, which reads in its entirety:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplifications and copies of papers necessarily obtained for use in this case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In his bill of costs, Adams seeks $1,537.70 in witness fees who attended trial and another $3,200 in additional expert fees for expenses associated with preparing testimony, as well as, expert reports, and other pre-trial matters. Fees associated with witnesses are taxable under 28 U.S.C. § 1920. 28 U.S.C. § 1920(3). However, the recoverable costs for witnesses, both expert and general fact witnesses, are limited to $40 per day for the witness's attendance at trial or deposition. 28 U.S.C. § 1821(b). A court may tax expert witness fees in excess of the limit set by

28 U.S.C. § 1821 only when the witness is court-appointed and essential to the proceedings, or the recovery of all witness fees were explicitly authorized by contract. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

Here, Adams's two testifying witnesses attended only a single day of the three day trial. Further, the witnesses were not court ordered experts. Therefore, Adams may only recover $40 per witness, per day, for a total of $80 in taxable witness fees. *See e.g., Crawford*, 482 U.S. at 455. Accordingly, Adams is entitled to $80 as taxable witness fees and the additional $4,657.70 in requested witness fees shall be denied.

The court finds that Adams's remaining requested costs, including expenses relating to necessary copies obtained from third-parties ($667.80), service of subpoenas ($260.50), deposition transcripts ($2,160.75), filing fees in the United States District Court ($350), and first appearance fees in the Second Judicial District Court of Nevada ($124), are reasonable and taxable under 28 U.S.C. §1920 and the local rules, and as such, Adams is entitled to recover these costs in full. *See* 28 U.S.C. §1920; LR 54-4; LR 54-6. Therefore, Adams is entitled to total taxable costs in the amount of $3,643.05 as the prevailing arty in this action.

IT IS THEREFORE ORDERED that plaintiff's motion to re-tax costs (Doc. #71) is GRANTED in-part and DENIED in-part.

IT IS FURTHER ORDERED that defendant is entitled to $3,643.05 in costs as the prevailing party in this action.

IT IS SO ORDERED.

DATED this 18th day of June, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3